IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KAEMEL WHITE                                                                                           PLAINTIFF

vs.                                         Civil No. 6:14-cv-06044

CAROLYN W. COLVIN                                                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Kaemel White ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his current disability applications on June 23, 2010. (Tr. 14). In these applications, Plaintiff alleges being disabled due to bipolar disorder and manic depression. (Tr. 152). Plaintiff alleges an onset date of April 1, 2009. (Tr. 14). These applications were denied initially and again upon reconsideration. (Tr. 38-41).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 60-84). Thereafter, on November 29, 2012, the ALJ held an administrative hearing on Plaintiff's applications. (Tr. 343-396). At this hearing, Plaintiff was present and was represented by Shannon Muse Carroll. *Id.* Plaintiff, Vocational Expert ("VE") Dianna Smith, and two witnesses for Plaintiff testified at this hearing. *Id.* During this hearing, Plaintiff testified he was thirty-two (32) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 348). As for his education, Plaintiff testified he has a bachelor's degree in general studies. (Tr. 348-349).

On January 4, 2013, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 14-26). The ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2011. (Tr. 16, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date of April 1, 2009. (Tr. 17, Finding 3). The ALJ determined Plaintiff had the following severe impairment: bipolar disorder. (Tr. 17, Finding 4). The ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17-18, Finding 5).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 18-24, Finding 6). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all

> exertional levels but with the following nonexertional limitations: he is limited to unskilled work. This is work where interpersonal contact is incidental to the work performed; the complexity of tasks is learned and performed by rote; contains few variables and requires little judgment; and any supervision required is simple, direct, and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 24, Finding 7). The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 25, Finding 11). The VE testified at the administrative hearing regarding this issue. *Id.* Considering Plaintiff's RFC, PRW, education, and age, the VE testified Plaintiff retained the capacity to perform representative occupations such as the following: (1) poultry hanger (unskilled, medium) with 2,500 such jobs in Arkansas and 450,000 such jobs in the nation; (2) machine feeder (unskilled) with 3,200 such jobs in Arkansas and 550,000 such jobs in the nation; (3) warehouse worker (unskilled) with 1,100 such jobs in Arkansas and 320,000 such jobs in the nation; and (4) laundry worker (unskilled, medium) with "thousands of these jobs in the national economy." *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, at any time from April 1, 2009 (alleged onset date) through January 4, 2013 (date of ALJ's decision). (Tr. 25, Finding 12).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 10). On February 18, 2014, the Appeals Council denied this request for review. (Tr. 6-8). On April 3, 2014, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 3, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff claims the following: (1) the ALJ erred in developing the record in this case; (2) the ALJ erred in evaluating Listings 12.04 and 12.06; and (3) the ALJ erred when he found Plaintiff retains the RFC to perform other work. *Id.* Because the Court finds the ALJ erred by failing to fully and fairly develop the record in this case, the Court finds this case must be reversed and remanded.

As a general rule, it is the ALJ's duty to fully and fairly develop the record, even when the claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). *See also* 42 U.S.C. § 423(d)(5)(B). In developing the record, the ALJ is not required to "go to inordinate

lengths to develop a claimant's case," but the ALJ must "make an investigation that is not wholly inadequate under the circumstances." *Battles v. Shalala,* 36 F.3d 43, 44-45 (8th Cir. 1994) (citation omitted) (quotation in the cited case). In order to determine whether the ALJ fulfilled his or her duty to fully and fairly to develop the record, this Court must consider whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Payton v. Shalala,* 25 F.3d 684, 686-87 (8th Cir. 1994).

In this case, it is undisputed that Plaintiff has severe bipolar disorder. As the ALJ even stated, "I think it's pretty clear that he's bipolar, whether he says he is or not." (Tr. 378-379). In his written opinion, the ALJ acknowledged Plaintiff suffers from bipolar disorder and found this impairment to be severe. (Tr. 17, Finding 4). Plaintiff's bizarre testimony at the administrative hearing in this matter also supports the finding that he suffers from bipolar disorder. (Tr. 344-396). Plaintiff testified he has a girlfriend. (Tr. 355). His parents testified he does not have a girlfriend. (Tr. 368). Plaintiff was thirty-two at the hearing in this matter, and he testified he has a twenty-four year old child. *Id.* Plaintiff told the ALJ he was "[y]oung when I had it–when she had it." *Id.* Plaintiff's parents testified he has no children. (Tr. 371). Finally, Plaintiff testified he communicates with his girlfriend "through the mind." (Tr. 356).

After acknowledging Plaintiff's bipolar disorder, the ALJ then found Plaintiff's bipolar disorder was not disabling. (Tr. 14-26). The ALJ based this decision upon two findings: (1) Plaintiff often does not take his medication as prescribed; and (2) when he does take his medication as prescribed, his bipolar disorder is controlled. (Tr. 19-24). However, there is no substantial evidence to support these findings, based upon the record before the Court.

First, the ALJ based his finding that Plaintiff did not take his medication as prescribed upon

6

Plaintiff's testimony at the administrative hearing. (Tr. 351-352). This is the same testimony where Plaintiff (who is 32 years old) declared he had a girlfriend, a twenty-four year-old child, and communicated with this girlfriend "through the mind." Certainly this irrational testimony indicates Plaintiff's testimony at this administrative hearing was not entirely believable. Further, Plaintiff's parents testified he is generally consistent in taking his medications, and they are aware when he has stopped taking his medication. (Tr. 370-371, 359-360).

Second, Plaintiff's treatment records demonstrate that even when he was taking his medication as prescribed, his still suffers from the severe symptoms of bipolar disorder, including being very self-isolating and depressed. (Tr. 22, 245). It appears his treating physician, Dr. Roger Amick, M.D., concurs with this assessment. (Tr. 338). He reported Plaintiff has had "many med trials" with "poor response." *Id.* Dr. Amick also noted Plaintiff had tried depakote, zyprexa, and prozac, but his prognosis was still "poor." *Id.* Dr. Amick found Plaintiff suffered from a pervasive loss of interest in almost all activities; decreased energy; blunt, flat or inappropriate affect; mood disturbance; pathological dependence; persistence disturbances of mood or affect; emotional withdrawal or isolation; bipolar syndrome; deeply ingrained, maladaptive patterns of behavior; and oddities of thought, perception, speech, or behavior. (Tr. 339).

Based upon these facts, the ALJ should not have found Plaintiff's bipolar disorder is controlled when he takes his medication. Based upon the record before the Court, there is no substantial evidence to support the ALJ's finding that Plaintiff is not taking his medication as prescribed. There is also no substantial evidence to support the ALJ's finding that his bipolar disorder is controlled with medication. Accordingly, this case must be reversed and remanded for further development of the record and to afford the ALJ the opportunity to recontact Plaintiff's

treating physician or order a consultative examination in order to determine whether Plaintiff's bipolar disorder is controlled when he takes his medication as prescribed.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of March 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE